# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION

| | |
|---|---|
| SELIA HAMMOND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 1:23CV-84-GNS |
| | ) |
| COMMUNITY ACTION OF | ) |
| SOUTHERN KENTUCKY, | ) |
| INCORPORATED, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Selia Hammond ("Hammond" or "Plaintiff"), by counsel, brings this action against Defendant, Community Action of Southern Kentucky, Incorporated, ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.* and the Kentucky Civil Rights Act.

### II. PARTIES

2. Hammond is a resident of Davidson County in the Commonwealth of Tennessee, who at all times relevant to this action worked within the geographical boundaries of the Western District of Kentucky.

3. Defendant conducts business within the geographical boundaries of the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367 and 42 U.S.C. §2000e-5(f)(3).

5. Jurisdiction is conferred on Hammond's state law claims pursuant to 28 U.S.C. §1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by KRS 344.030(2) and 42 U.S.C. §2000e(b).

7. Hammond is an "employee" as that term is defined by KRS 344.030(5) and 42 U.S.C §2000e(f).

8. Hammond satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on race. Hammond received the required Notice of her Right to Sue and timely files this action.

9. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Hammond is African American.

11. Hammond began working for Defendant in or around July 2018. Her most recent position was Center Manager/ Migrant Program Manager.

12. At all relevant times, Hammond met or exceeded Defendant's legitimate performance evaluations.

13. On or about October 21, 2021, Hammond applied for a promotion, and her recommendation was signed off a few days later by the program director. Hammond's application was ignored by Defendant even though she was qualified for the position.

14. Hammond then applied for another promotion in or about March 2022. Again, her application was ignored, and the position was given to a non-black individual who had applied for a lower ranked job.

15. Hammond was then given the title Migrant Program Manager; however, she did not receive a pay raise like the other individuals who previously held this position. Hammond asked Defendant multiple times why she did not receive a pay increase but never received an answer.

16. Hammond was threatened by her Program Director, Michelle Cutler ("Cutler"). While Hammond was voluntarily cleaning on the weekend, Cutler referred to herself as the "terminator" and the "weed eater" and explained that she was known for weeding people out who did not need to be there.

17. Based on all of the foregoing events, Hammond was constructively discharged and resigned on or about April 1, 2022. After Hammond gave Cutler her notice, Cutler told Hammond that "One monkey don't stop no show" and told her that she she was no longer welcome onto campus.

## V. CAUSES OF ACTION

18. Hammond hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint as if the same were set forth at length herein.

19. Defendant discriminated against Hammond based on her race.

20. Defendant's actions were intentional, willful, and in reckless disregard of Hammond's rights as protected by Title VII of the Civil Rights Act of 1964 and the Kentucky Civil Rights Act.

21. Hammond has suffered damages as a result of the Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Selia Hammond, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Reinstate Hammond's employment to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Hammond of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages for Defendant's violations of Title VII;

6. All costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 91190
144 North Delaware Street
Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Selia Hammond*

## **DEMAND FOR JURY TRIAL**

      Plaintiff, Selia Hammond, by counsel, requests a trial by jury on all issues deemed so triable.

      Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: /s/ Andrew Dutkanych
Andrew Dutkanych, Atty. No. 91190
144 North Delaware Street Indianapolis, IN 46204
Telephone: (317) 991 - 4765
Email: ad@bdlegal.com
*Counsel for Plaintiff, Selia Hammond*